1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| DENISE RHODES,<br><br>                Plaintiff,<br><br>        v.<br><br>DYSON, INC., an Illinois corporation; and DOES 1 to 20, inclusive,<br><br>                Defendants. | Case No.  SACV12-616 JVS (JPRx)<br><br>**PROTECTIVE ORDER CONCERNING THE EXCHANGE OF CONFIDENTIAL INFORMATION** |

The parties, Plaintiff Denise Rhodes ("Plaintiff") and Defendant Dyson, Inc. ("Defendant"), through their attorneys of record, hereby stipulate and request that the Court order as follows:

1. Counsel are permitted to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any document, testimony, information or material disclosed, or to be disclosed, through formal discovery or otherwise in the court of this litigation in the manner hereinafter set forth. Counsel are permitted to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only those documents as to which counsel entertains a good-faith belief that such document is entitled to confidentiality. Such designation shall, without more, subject the information produced or provided under said designation to the provisions of this Stipulated Protective Order.

2. Any writing, document, or other information produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by stamping the word "CONFIDENTIAL" on the face of the writing, document or other information. By designating material as "CONFIDENTIAL," the parties and their counsel represent that they have a good faith belief that the materials so designated contain sensitive, non-public, confidential information, where all such information is not readily ascertainable and which the party asserting confidentiality has taken reasonable steps to maintain its confidentiality.

3. Any writing, document, or other information produced by any party or person in this litigation may be designated as "HIGHLY CONFIDENTIAL" by stamping the words "HIGHLY CONFIDENTIAL" on the face of the writing, document or other information. By designating materials as "HIGHLY CONFIDENTIAL," the parties and their counsel represent that they have a good faith belief that the materials so designated contain extremely sensitive confidential information, such as information relating to company trade secrets, competitive and strategic initiatives, or extremely sensitive confidential information of third-party

1  non-litigants.  Further, if a party gives notice of its intention to obtain records from
2  a third party, any party may designate those records as CONFIDENTIAL or
3  HIGHLY CONFIDENTIAL prior to the production of those records by the third
4  party by giving written notice of that designation to other counsel in this litigation.
5  Once that notice is given, the party requesting the records from the third party shall,
6  upon receipt of those records, stamp the words CONFIDENTIAL or HIGHLY
7  CONFIDENTIAL on the face of any and all such third party records.
8      4.  Any party, or counsel for such party, may designate deposition
9  testimony or any portion of deposition testimony as "CONFIDENTIAL" or
10  "HIGHLY CONFIDENTIAL" by advising the reporter and counsel of such
11  designation during the course of the deposition or within 45 days of receipt of the
12  deposition transcript.  Further, counsel designating deposition testimony or any
13  portion of deposition testimony as "CONFIDENTIAL" or "HIGHLY
14  CONFIDENTIAL" shall, during the course of the deposition or within 45 days of
15  receipt of the deposition transcript, instruct the reporter to be mark portions of the
16  deposition transcript as such and to make substantially the following designation on
17  the deposition transcript:  "Portions of this deposition were taken subject to the
18  Protective Order of the Court.  These portions shall remain confidential and shall be
19  treated according to the requirements of the Court's Order."  Whenever any writing
20  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is identified as
21  an exhibit in connection with testimony given in this litigation, it shall be so
22  marked and it shall be subject to all of the requirements of the Court's order.
23      5.  Any party to this litigation, or counsel for such party, may designate as
24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" its responses to
25  interrogatories or to requests for admission by labeling each response
26  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as applicable.
27      6.  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material
28  includes all material designated "CONFIDENTIAL" or "HIGHLY

1  CONFIDENTIAL" pursuant to the terms of this Stipulated Protective Order, as
2  well as summaries and compilations derived from such materials, including but not
3  limited to charts, tables, graphs and models.

4      7.    Except upon prior written consent of the party or counsel for the party
5  asserting "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" treatment, or upon
6  further order of this Court, documents, testimony, information or material
7  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be held
8  in strictest confidence, shall be kept securely, and shall be used solely for the
9  purpose of prosecution or defense of this litigation and not for any business purpose
10 whatsoever.

11     8.    Access to "CONFIDENTIAL" documents, testimony, information or
12 materials, as well as written or oral summaries or accounts thereof, shall be limited
13 to:

14     (a)    Counsel for the respective parties (including in-house counsel
15             and co-counsel) and employees of said counsel who are assisting
16             in the prosecution or defense of this litigation;

17     (b)    Experts and consultants (including independent experts and
18             consultants and employees or clerical assistants of said experts)
19             who are employed, retained or otherwise consulted by counsel
20             or a party for the purpose of analyzing data, conducting studies
21             or providing opinions to assist in such litigation;

22     (c)    Officers, Directors or employees of the respective parties;
23     (d)    Percipient witnesses;
24     (e)    Parties to the litigation; and
25     (f)    The Court and officers of the Court.

26     9.    Access to "HIGHLY CONFIDENTIAL" documents, testimony,
27 information or materials, as well as written or oral summaries or accounts thereof,
28 shall be limited to:

(a) Counsel for the respective parties (including in-house counsel and co-counsel) and employees of said counsel who are assisting in the prosecution or defense of this litigation;

(b) Experts and consultants (including independent experts and consultants and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

(c) Any person that a document on its face indicates has seen or been sent the document or a copy of it, such as authors, recipients, or signatories, to the extent reasonably and in good faith deemed necessary by counsel for the prosecution or defense of this action; and

(d) The Court and officers of the Court.

10. No party (including all individuals mentioned in ¶8(a) and ¶9(a)) shall, for itself or any person or person acting on its behalf, make more copies of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

11. Each person other than Court personnel, counsel and their staff, or parties to whom a party discloses material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the opposing party shall be shown a copy of this Stipulated Protective Order prior to such disclosure and shall acknowledge in writing his or her consent to be bound by its terms. The party disclosing any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material pursuant to this paragraph shall be required to maintain such written acknowledgments, but shall not be required to disclose the identities of persons having reviewed the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material.

12. Any party who wishes to file "CONFIDENTIAL" or "HIGHLY

1  CONFIDENTIAL" material will follow the procedure set forth in Central District
2  of California Civil Local Rule 79-5.

3      13.   If any party, or such party's counsel, objects to the designation of any
4  document, testimony, information or material as "CONFIDENTIAL" or "HIGHLY
5  CONFIDENTIAL," the parties shall meet and confer consistent with the procedure
6  set forth in Central District of California Civil Local Rule 37-1 in an effort to
7  resolve any such dispute. If the parties are unable to resolve such dispute, the
8  objecting party may bring a motion, consistent with the procedure set forth in
9  Central District of California Civil Local Rule 37-2, to have the contested
10 information declared non-"CONFIDENTIAL." Unless and until an order is entered
11 to the contrary, the documents, testimony, information or material shall be given the
12 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" treatment initially assigned
13 to it and provided for in the stipulated protective order.

14     14.   Nothing in this Stipulated Protective Order shall be deemed to restrict
15 in any manner the use by any party of its own documents, information, or materials.

16     15.   No later than sixty (60) days following the "conclusion of these
17 proceedings" as defined herein, counsel shall return all documents and materials
18 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to counsel for
19 the other party, together with all abstracts, copies, and other documents containing
20 any information contained within the documents (except that counsel for each party
21 may maintain in its files copies of each document filed with the Court).
22 Alternatively, the parties may agree upon appropriate methods of destruction.
23 "Conclusion of these proceedings" refers to the conclusion of this matter by trial or
24 settlement and, if concluded by trial, the exhaustion of available appeals, or the
25 running of time for taking such appeals, as provided by applicable law. This Order
26 does not preclude a party from retaining custody of its own "CONFIDENTIAL" or
27 "HIGHLY CONFIDENTIAL" information or material at the "conclusion of these
28 proceedings" as defined herein when not commingled with confidential information

1  of other persons or parties.

2      16.   All persons who are granted access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents, including any party to this action, their attorneys, or others who acknowledge their consent to be bound by this Stipulated Protective Order but fail to comply with its provisions may be held in contempt for violation of this Court's order.

**IT IS SO ORDERED**.

Dated:  October 31, 2012

_____
Hon. Jean P. Rosenbluth
United States Magistrate Judge